UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID HERNANDEZ,<br><br>  Petitioner,<br><br>  v.<br><br>ANTHONY WILLS, Warden of Menard Correctional Center,<br><br>  Respondent. | No. 19 C 7785<br><br>Judge Thomas M. Durkin |

### MEMORANDUM OPINION AND ORDER

An Illinois state court jury found David Hernandez guilty of first-degree murder. He is serving an 80-year sentence at the Menard Correctional Center in Illinois, in the custody of Warden Anthony Wills. Hernandez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Warden answered the petition seeking its dismissal. R. 9. Hernandez's petition is denied and the Court declines to issue a certificate of appealability.

### Background

On Christmas morning 2002, Hernandez beat to death six-year-old Alma Manjarrez. Hernandez lived with Alma and her mother Rosa, and an infant boy who Hernandez and Rosa had together.

At trial, Rosa testified that the night of Christmas Eve into early Christmas morning, Hernandez became drunk and argued with Rosa. He began to beat her. Alma attempted to intervene, and Hernandez beat her as well, punching her in the

stomach a number of times. Several hours later, Hernandez beat Rosa and Alma again, and eventually put Alma outside in snowy, freezing weather without a coat.

The medical examiner testified that she found more than 80 bruises all over Alma's body. She also found many hemorrhages under Alma's skin and a blood clot behind Alma's kidney. The medical examiner testified further that almost all of the bruises occurred within several hours of Alma's death. She concluded that Alma died of blunt trauma to the abdomen due to assault, and that hypothermia contributed to her death as well.

## Analysis

Hernandez makes two arguments: (1) the state court erred by denying his request that the jury be instructed on a lesser included offense that his conduct was reckless as opposed to intentional; and (2) his appellate counsel was ineffective.

### A. Lesser Included Offense

Habeas relief must be premised on a constitutional right or federal law. *See* 28 U.S.C. § 2254(a) (federal courts may grant a writ of habeas corpus only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States"). But in non-capital cases like Hernandez's, there is no constitutional right to a jury instruction with lesser included offenses. *See Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1979); *Calloway v. Montgomery*, 512 F.3d 940, 944 (7th Cir. 2008). Nevertheless, failure to charge the jury with a lesser included offense can be a basis for habeas relief if it causes a fundamental miscarriage of justice. *See Robertson v. Hanks,* 140 F.3d 707, 710 (7th Cir. 1998). To establish a fundamental miscarriage of

justice, the petitioner must demonstrate that had the omitted instruction been given, it is improbable that he would have been convicted of the greater offense. *See Everette v. Roth*, 37 F.3d 257, 262 (7th Cir.1994); *Nichols v. Gagnon*, 710 F.2d 1267, 1269 (7th Cir. 1983).

The facts here do not indicate that it is probable that Hernandez would have been convicted of a lesser offense had such an instruction been given. Hernandez argues that a reckless homicide instruction was appropriate because he was intoxicated, and he did not intend to kill Alma. But this contention is undermined by the fact that the state appellate court held that despite his intoxication Hernandez was cognizant of and remembered his actions. *See* R. 10-1 at 5 (*People v. Hernandez*, 2014 WL 4101193, at *7 (Ill. App. Ct. Aug. 19, 2014)). The court also held that regardless of the fact that Rosa, not Alma, was the immediate target of Hernandez's anger, a "severe, sustained beating" of a "six-year-old child belies any argument that [Hernandez] acted with mere recklessness." *See* R. 10-1 at 5. The only intent that can reasonably be inferred from such heinous conduct is an intent to kill. No instruction for the lesser included offense of reckless homicide was warranted.

**B.     Ineffective Assistance of Appellate Counsel**

Hernandez killed Alma in 2002. His trial was not until 2011. In the intervening period, there was extensive discovery into and a hearing regarding his competency to stand trial. Notably as part of this process, Hernandez's counsel hired a psychologist to travel to Mexico to interview witnesses.

3

On the day Hernandez's trial was to begin, after the jury had been selected, Hernandez made a pro se motion for new counsel, arguing that his attorneys were ineffective because they were "work[ing] against me" and "always argues with me and yells at me." The trial court denied Hernandez's motion, primarily because a claim of "ineffective assistance" cannot be made without the prejudice to the defendant of conviction. The court also noted that there was no reason to believe that Hernandez's counsel had been deficient, noting that his counsel had been working diligently on the case for eight years, and that Hernandez's last-minute motion could only be construed as a delay tactic. On appeal, Hernandez's appellate counsel did not raise the trial court's denial of Hernandez's motion.

In his subsequent post-conviction petition, Hernandez argued that his appellate counsel was ineffective for failing to argue that the trial court should have held a hearing regarding his ineffective assistance claim, pursuant to *People v. Krankel*, 464 N.E.2d 1045 (1984). That case requires a hearing on ineffective assistance claims under certain circumstances. The court rejected Hernandez's argument and denied his post-conviction petition. The appellate court affirmed for the same reasons the trial court denied the motion in the first instance.

Hernandez now seeks habeas relief for his appellate counsel's alleged ineffective assistance for not raising a *Krankel* claim on appeal.[1] This claim, however,

---

[1] To the extent Hernandez argues that his appellate counsel was ineffective for failing to argue the state trial court erred in denying Hernandez's motion for a new attorney (as opposed to his request for a *Krankel* hearing), that claim is defaulted because Hernandez did not raise it in briefing before the Illinois Appellate Court. *McDowell v. Lemke*, 737 F. 3d 476, 482 (7th Cir. 2013) ("In Illinois, which has a two-tiered

is based on the argument that the state courts failed to properly apply the state law embodied in *Krankel*. That argument does not raise a constitutional issue and so is not cognizable on federal habeas review. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Antoine v. Pfister*, 2020 WL 5630423, at *19 (N.D. Ill. Sept. 21, 2020) (denying habeas petition arguing ineffective assistance for failing to raise a *Krankel* claim). Therefore, Hernandez's ineffective assistance claim is rejected.

### C. Certificate of Appealability

Lastly, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See Gonzalez v. Thaler*, 132 S. Ct. 641, 649 n.5 (2012). To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). For the reasons discussed, Hernandez

---

appellate review system, a petitioner must present a claim at each level of the state court system, either on direct appeal or in post-conviction proceedings.").

has not made such a showing. Accordingly, certification of Hernandez's claim for appellate review is denied.

## Conclusion

Therefore, Hernandez's petition is denied and the Court declines to issue a certificate of appealability.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: February 5, 2021